HILBERT *v.* BARRY.

BILLS AND NOTES—CONSIDERATION.

 Defendant, a member of a partnership association, limited, gave his note for the proportion of the associate indebtedness which his stock bore to the entire capital stock of the association. Plaintiff, to whom the note was made, agreed to and did advance to the association the amount of the note. There were included in the estimate of indebtedness several obligations of the association the payment of which defendant had previously guaranteed. He was thereupon allowed to transfer his stock, free from liability. *Held*, that the note was supported by a sufficient consideration, although defendant had, at the time it was executed, fully paid for his stock in the association.

Error to Barry; Smith, J. Submitted January 13, 1897. Decided March 10, 1897.

*Assumpsit* by Frank F. Hilbert against Albert Barry upon a promissory note. From a judgment for plaintiff

on verdict directed by the court, defendant brings error. Affirmed.

*Walter S. Powers*, for appellant.

*C. S. Palmerton* and *Colgrove & Potter*, for appellee.

MOORE, J.  Plaintiff brought suit on the following note:

"$570.00.          WOODLAND, MICH., Nov. 7th, 1893.

"On or before Nov. 7th, 1894, after date, I promise to pay to the order of F. F. Hilbert, at Exchange Bank, Woodland, Mich., five hundred seventy dollars, with interest at seven per cent. until paid, value received; interest payable annually.  The indorsers, signers, sureties, and guarantors severally waive presentment for payment, protest, and notice of protest, and notice of nonpayment of this note, and diligence in bringing suit against any party to this note, and agree that time of payment may be extended without notice or other consent, and without affecting their liability.

"Due Nov. 7, 1894.

                    [Signed]    "ALBERT BARRY."

On the back of the note was the following guaranty of payment:

                    "WOODLAND, MICH., Nov. 19, 1894.

"For value received, I hereby guarantee payment of the within note, and waive demand and notice of protest on same when due.

[Signed]  "WOODLAND ROLLER MILL CO., Limtd.,
                              "F. F. H., Secty."

Also the following indorsement of payment:

"July 5, 1894.   Recd. seventy dollars.
                         "W. R. M. Co.,
                              "F. F. HILBERT."

By direction of the court, the jury returned a verdict in favor of the plaintiff.  Defendant appeals.

It is defendant's claim that he, with plaintiff and 10 others, formed a copartnership association, under chapter 79, 1 How. Stat., to engage in the milling business; that

the association contracted debts which, under the law, it could not make; that it was represented to him that his share of the debts was the amount of this note, and that by the giving of it he would be released from liability on said indebtedness; that a receipt was given him, purporting to release him; that afterwards the association expired by limitation, and a new company was organized; that the property was turned over to it, instead of paying with it the debts of the old company; that by the terms of 1 How. Stat. § 2366, he, as a member of the association, would not be liable to pay any of the debts of the association, as he had paid up the full amount of his subscription; that no consideration passed for the giving of the note in controversy; that Mr. Hilbert knew all the facts, and the court should have directed a verdict in favor of the defendant.

The defendant was not sworn as a witness, nor did he produce any witnesses. An inspection of the record shows that, prior to giving the note in controversy, the association had contracted debts, and had given its notes, for several thousand dollars, and that the defendant, with others, had guaranteed the payment of these notes. They were discounted, and the funds used by the association. Prior to the giving of the note in question, Mr. Barry desired to sell his stock, free from any liability; and, at his request, the amount of the debts of the association was ascertained, which amount included notes the payment of which he had guaranteed; and the share that should be borne by his stock was agreed upon, and the note was at that time given for that amount, and a receipt was given him, purporting to discharge him from any liability for the debts upon the payment of the note then given. A resolution was adopted at his request, allowing him to transfer his stock, and he did transfer it. The plaintiff testified that the note was made payable to his order because he was to furnish the money to the association to pay the amount that Mr. Barry was to pay of the debts of the company,

and that Mr. Barry understood this; that plaintiff afterwards did advance the money, just as he had agreed with the association and Mr. Barry that he would do; and that Mr. Barry agreed to pay the note. This testimony was corroborated in many particulars by Mr. Hough, and is not contradicted by the defendant or any one else. We think the circuit judge very properly directed a verdict in favor of the plaintiff.

Judgment is affirmed.

The other Justices concurred.